## MELCHER v. LAMPREY.

Replevin does not lie against an officer for goods taken on execution from the possession of the judgment debtor.

REPLEVIN, to recover the possession of a horse, chaise and harness. The chattels in controversy were found in the possession of one David Campbell, and seized by the defendant, a deputy sheriff, by virtue of an execution regularly issued upon a judgment in favor of one William Abbott against said Campbell, recovered in the Court of Common Pleas for the county of Merrimack, March term, 1842, for $93.93 debt or damage, and $6.09 costs of suit. The seizure was made on the 13th day of May, 1842. It was agreed that judgment should be rendered for the plaintiff, or that he should become nonsuit, according to the opinion of the court.

*Marston*, for the plaintiff.

*Pierce & Fowler*, for the defendant.

GILCHRIST, J. It was held, in *Kellogg* v. *Churchill*, 2 N. H. 412, that replevin could not be maintained against a sheriff for property by him taken on execution from the possession of the judgment debtor.

The same doctrine was affirmed in a subsequent case, and extended to goods attached on mesne process. *Smith* v. *Huntington*, 3 N. H. 76.

The last named case was decided in May, 1824, and in June, 1825, a statute was passed which remained in force at the time when the seizure was made and the present action was commenced, which authorized actions of replevin for goods of a third person attached on mesne process. N. H. Laws 379.

The authority of these cases has not been drawn in question by any subsequent decision, and the limit which the legislature saw fit to impose upon the remedy they applied to the law, as declared in one of them, seems to give accumulated force to the other.

It must, therefore, be considered as settled in this State that replevin does not lie in cases like the present.

*Nonsuit.*